UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| MILLIE NEENAN AND PETER NEENAN | § |
| | § |
| Plaintiffs, | § |
| | § |
| vs. | § CIVIL ACTION NO. _____ |
| | § |
| LIFE INSURANCE COMPANY OF | § |
| NORTH AMERICA | § |
| | § |
| Defendant. | § |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Life Insurance Company of North America ("Defendant" or "LINA") timely files this Notice of Removal pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1332(a), 29 U.S.C. §1132(e) and 28 U.S.C. §1441(a), (b) and (c), removing the above-captioned action to the United States District Court for the Eastern District of Louisiana from the 24th Judicial District Court for Jefferson Parish, Louisiana, and avers as follows:

1. Plaintiffs Millie Neenan and Peter Neenan ("Plaintiffs") have brought a civil action against Defendant in the under Cause No. 717335, *Millie Neenan, wife of and Peter Neenan v. Life Insurance Company of North America d/b/a Cigna Group Insurance*, in the 24th Judicial District Court for Jefferson Parish, Louisiana (the "state action"). True and correct copies of all process, pleadings, and orders, if any, served on Defendant in the state action, in addition to the docket sheet and each document excluding discovery filed in the state action, are attached hereto as Exhibit "A." *See* 28 U.S.C. §1446(a).

2. In their Petition for Damages, Plaintiffs allege that they are entitled to $200,000 in benefits under Policy No. OK 821420 (the "Policy") issued by Defendant based upon the death

1827733.1

of their son, Scott Neenan. *See* Exhibit A, Petition for Damages, Para. III. Plaintiffs allege that Scott Neenan was killed as a result of an accidental shooting. *See* Exhibit A, Petition for Damages, Para. IV. Plaintiffs further claim that Defendant wrongfully denied their claim for benefits under Policy. *See* Exhibit A, Petition for Damages, Para. XVIII - XIX.

3. Defendant issued Policy No. OK 821420 to M-I, L.L.C., the former employer of Scott Neenan. A true and correct copy of the Policy is attached hereto as Exhibit "B-1." Under the terms of the Policy, life insurance coverage was automatic for certain eligible classes of employees. *See* Exhibit B-1, p. 5. Accordingly, the Policy is part of M-I, L.L.C's employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

4. M-I, L.L.C. has further designated Defendant as its claim fiduciary for purposes of reviewing claims for benefits under the plan, deciding any appeals for adverse adjudications, and interpreting the terms of the plan according to Defendant's discretion. *See* Employee Welfare Benefit Plan Appointment of Claim Fiduciary, attached hereto as Exhibit "B-2." Thus, the claims against Defendant in this case are governed by ERISA.

5. An action filed in state court seeking benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 60-66 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987). It is well settled that Congress has so completely preempted the area of ERISA law that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64; *Boren v. N.I. Indus., Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989).

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising

under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a), (b) and (c).

7. Removal of this action is also proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. 28 U.S.C. § 1332(a). Plaintiffs allege that they reside and are domiciled in the Parish of St. Tammany, Louisiana. *See* Petition for Damages, p. 1. Defendant is incorporated under the laws of Pennsylvania and maintains it principal place of business in Philadelphia, Pennsylvania. *See* Declaration of Michael James, attached hereto as Exhibit "B." Thus, there is complete diversity between Plaintiffs and Defendant.

8. The amount in controversy requirement for diversity jurisdiction is also met based on the allegations in Plaintiff's Petition for Damages. Plaintiffs allege that they are entitled to $200,000 in insurance benefits under the terms of the Policy. *See* Petition for Damages, Para. XVIII. Thus, the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees.

9. Plaintiff filed the Petition for Damages in the state action on July 24, 2012. Defendant was served with suit and the Original Petition on August 2, 2012. Thus, this Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the lawsuit and receiving the initial pleading claiming relief as required by 28 U.S.C. § 1446(b).

10. Defendant will promptly give notice of this Removal to Plaintiff and to the 24th Judicial District Court for Jefferson Parish, Louisiana.

**PRAYER**

WHEREFORE, Defendant, Life Insurance Company of North America hereby removes the above-captioned action to the United States District Court for the Eastern District of Louisiana from the 24th Judicial District Court for Jefferson Parish, Louisiana, and respectfully

requests all such other and further relief, whether general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: _____
Josh M. Kantrow
Louisiana Bar No. 20582
55 W. Monroe St. - Suite 3800
Chicago, IL 60603-5001
Telephone: (312) 821-6163
Facsimile: (312) 704-1522
E-Mail: josh.kantrow@wilsonelser.com

ATTORNEY-IN-CHARGE FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that on this date a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure on the 15th day of August, 2012 to the following counsel:

Joseph M. Bruno                    *Via CM/RRR*
**Bruno & Bruno, LLP**
855 Baronne Street
New Orleans, LA 70113

_____
Josh M. Kantrow

1827733.1