Case:717335 Div:H FileDate:07/24/2012

Page 1 of 1

**Title:**MILLIE NEENAN, Et Al vs LIFE INSURANCE COMPANY OF NORTH AMERICA, Et Al

P1 NEENAN MILLIE  Address

**BAL:** 87.00  **ESCROW:** 0.00  Docket Ledger *

  030229 JOSEPH BRUNO JR *[Attorney of Record]* Address

P2 NEENAN PETER T  Address

**BAL:** 0.00  **ESCROW:** 0.00  Docket Ledger *

  030229 JOSEPH BRUNO JR *[Attorney of Record]* Address

D1 LIFE INSURANCE COMPANY OF NORTH AMERICA  Address

**BAL:** 0.00  **ESCROW:** 0.00  Docket Ledger *

D2 CIGNA GROUP INSURANCE  Address

**BAL:** 0.00  **ESCROW:** 0.00  Docket Ledger *


EXHIBIT A

| Case Number: 717335 | | | | | | |
|---|---|---|---|---|---|---|
| **MILLIE NEENAN, Et Al vs LIFE INSURANCE COMPANY OF NORTH AMERICA, Et Al** | | | | | | |
| File Date: 07/24/2012 | | Div: H | | | Div Hist: | |
| Type: Civil | | Cat: Torts and Contracts | | | Sub Cat: Damage Suits | |

| P1 NEENAN MILLIE | | | | | BAL:<br>87.00 | ESCROW:<br>0.00 |
|---|---|---|---|---|---|---|
| 030229 JOSEPH BRUNO JR *[Attorney of Record]* | | | | | | |

| TrxDate | Desc | Statute | Deposit | Charge | PaidCheck | |
|---|---|---|---|---|---|---|
| 07/24/2012 | 995 BRUNO AND BRUNO / JOSEPH BRUNO JR - DEPOSIT | | 365.00 | | CK55375 | |
| 07/24/2012 | 611 INDEXING FEE | La. R.S. 13:841 (A)(3) | | 6.00 | 08/10/2012 113532 | |
| 07/24/2012 | 835 FIL PET FOR DAMAGES - File Petitions | La. R.S. 13:841 (A)(2)(a) & (b) | | 30.00 | 08/10/2012 113532 | |
| 07/24/2012 | 622 FIL PET FOR DAMAGES - JUDGES SUPPLEMENTAL COMPENSATION FUND | La. R.S. 13:10.3(C) La. R.S. 13:10.3(C) | | 22.00 | 08/10/2012 113536 | |
| 07/24/2012 | 621 FIL PET FOR DAMAGES - JUDICIAL EXPENSE FUND | La. R.S. 13:994 (A) | | 15.00 | 08/10/2012 113533 | |
| 07/24/2012 | 623 FIL PET FOR DAMAGES - BUILDING FEE FUND | La. R.S. 13:995.1(A) | | 49.00 | 08/10/2012 113537 | |
| 07/24/2012 | 624 FIL PET FOR DAMAGES - COURT REPORTER FEE | La. R.S. 13:967 (I) | | 50.00 | 08/10/2012 113568 | |
| 07/24/2012 | 620 FIL PET FOR DAMAGES - INITIALIZATION FEE | La. R.S. 13:841 (A)(1) | | 20.00 | 08/10/2012 113532 | |
| 07/24/2012 | 611 FIL PET FOR DAMAGES - INDEXING FEE | La. R.S. 13:841 (A)(3) | | 2.00 | 08/10/2012 113532 | |
| 07/24/2012 | 612 FIL PET FOR DAMAGES - Pro Bono Fee - Judicial | La R.S. 13:1000 | | 9.50 | 08/10/2012 113570 | |
| 07/24/2012 | 613 FIL PET FOR DAMAGES - Pro Bono Fee - Clerk | La R.S. 13:1000 | | 0.50 | 08/10/2012 113532 | |
| 07/24/2012 | 640 - Civil Case Cover Sheet - LA. R.S. 13:4688 Part G p13 | La R.S. 13:4688 | | 6.00 | 08/10/2012 113532 | |
| 07/24/2012 | 614 - Civil Case Processing Fee - Judicial Administrator | La R.S. 13:4688 | | 5.00 | | |
| 07/24/2012 | 615 - Civil Case Processing Fee - Clerk | La R.S. 13:4688 | | 5.00 | | |
| 07/24/2012 | 825 FIL INTERRS AND REQ FOR PRODUCTION OF DOCUMENTS - File Interrogatories | La. R.S. 13:841 (A) (File Interrogatories | | 18.00 | 08/10/2012 113532 | |
| 07/27/2012 | 518 101 Iss Citation (Comply with Demand) - CLERKS FEE FOR RETURNS | La. R.S. 13:841 (A)(2)(a) & (b) | | 6.00 | 08/10/2012 113532 | |
| 07/27/2012 | 100 C/C PETITION FOR DAMAGES/SERVICE - CERTIFICATION OF COPY | La. R.S. 13:841 (A)(5)(a) | | 5.00 | 08/10/2012 113532 | |
| 07/27/2012 | 100 C/C INTERROGATORIES/REQUEST PRODUCTION/SERVICE - CERTIFICATION OF COPY | La. R.S. 13:841 (A)(5)(a) | | 5.00 | 08/10/2012 113532 | |
| 07/27/2012 | 99 PHOTO INTERROGATORES/REQUEST FOR PRODUCTION DOCUMENTS/SERVICE - PHOTOCOPY | La. R.S. 13:841 (A)(6) | | 4.00 | 08/10/2012 113532 | |
| 07/27/2012 | 101 ISSUE PETITION FOR DAMAGES; INTERR AND REQUEST FOR PRODUCTION OF DOCUMENTS - Issue Citation | La. R.S. 13:841 (A)(4)(a) | | 20.00 | 08/10/2012 113532 | |
| 07/27/2012 | 511 Seq:[101 120727-7131-9] LIFE INSURANCE COMPANY OF NORTH AMERICA PrePaid: CK # 55377 $29.18 CK #55376 $25.00 - Sheriff's Returns | | | | | |

| Payout Summary as of: 8/13/2012 |
|---|
| |

| CIVIL DOCKET | |
| --- | --- |
| JON GEGENHEIMER CLERK | 122.50 |
| COURT REPORTER FEE | 50.00 |
| JEFF PAR BLDG FEE FUND | 49.00 |
| LOUISIANA STATE TREASURER | 22.00 |
| JUDICIAL EXPENSE | 15.00 |
| 24th Judicial District Court Pro Bono Filing Fee | 9.50 |

Page 1 of 1

| Case Number: 717335 | | | |
|---|---|---|---|
| **MILLIE NEENAN, Et Al vs LIFE INSURANCE COMPANY OF NORTH AMERICA, Et Al** | | | |
| **File Date:** 07/24/2012 | **Div:** H | | **Div Hist:** |
| **Type:** Civil | **Cat:** Torts and Contracts | | **Sub Cat:** Damage Suits |

P2 NEENAN PETER T    **BAL:** 0.00    **ESCROW:** 0.00

030229 JOSEPH BRUNO JR *[Attorney of Record]*

| TrxDate | Desc | Statute | Deposit | | Charge | | PaidCheck |
|---|---|---|---|---|---|---|---|

**Payout Summary as of: 8/13/2012**

| Case Number: 717335 | | | |
|---|---|---|---|
| MILLIE NEENAN, Et Al vs LIFE INSURANCE COMPANY OF NORTH AMERICA, Et Al | | | |
| File Date: 07/24/2012 | Div: H | | Div Hist: |
| Type: Civil | Cat: Torts and Contracts | | Sub Cat: Damage Suits |

| D1 LIFE INSURANCE COMPANY OF NORTH AMERICA | BAL:<br>0.00 | ESCROW:<br>0.00 |
|---|---|---|

| TrxDate | Desc | Statute | Deposit | | Charge | | PaidCheck |
|---|---|---|---|---|---|---|---|

**Payout Summary as of: 8/13/2012**

Page 1 of 1

| Case Number: 717335 | | |
|---|---|---|
| MILLIE NEENAN, Et Al vs LIFE INSURANCE COMPANY OF NORTH AMERICA, Et Al | | |
| File Date: 07/24/2012 | Div: H | Div Hist: |
| Type: Civil | Cat: Torts and Contracts | Sub Cat: Damage Suits |

| D2 CIGNA GROUP INSURANCE | BAL: 0.00 | ESCROW: 0.00 |
|---|---|---|

| TrxDate | Desc | Statute | Deposit | | Charge | | PaidCheck |
|---|---|---|---|---|---|---|---|

**Payout Summary as of: 8/13/2012**

# DIV. H
## JUDGE
### GLENN B. ANSARDI

24TH JUDICIAL DISTRICT COURT FOR TH E PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 717-335.                                DIV.:

MILLIE NEENAN, wife of and PETER T. NEENAN

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA GROUP INSURANCE

FILED:_____

_____
DEPUTY CLERK

### PETITION FOR DAMAGES

The Petition of Millie Neenan, wife of and Peter T. Neenan, both persons of the full age

of majority and residents of  and domiciled in the Parish of St. Tammany, State of Louisiana

respectfully aver as follows:

I.

That made defendant herein is:

LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA ( hereinafter
referred to as "CIGNA"), a foreign company authorized to do and doing business in the
Parish of Jefferson, State of Louisiana

II.

That CIGNA is justly and truly indebted onto your petitioners in the full and true sum of

an amount greater than $50,000.00 for the following reasons to wit:

III.

That CIGNA had issued a policy of life insurance, number OK 821420 on the life of

Scott Neenan, date of birth, 3/16/1977 under which terms CIGNA had agreed to pay death

benefits following the proof of loss submitted by the beneficiaries named in the policy.

IV.

That on the 25th day of May, 2009, Scott Neenan was killed in Jefferson Parish as a result

of an accidental shooting which was investigated by the Gretna Police Department.

That after the Insured's death, Petitioner presented her claim for benefits to CIGNA February 23rd 2009, August 23rd 2011 and November 9th 2011.

VII.

In an April 5th 2010 letter to Dr. Scott Denton, CIGNA representative, Boris Mezhinsky, acknowledged that "is not clear whether the deceased knew that there was still a bullet in the chamber."

VIII.

That on May 18, 2010, petitioners received a letter from Boris Mezhinsky, on CIGNA letterhead, claiming that the cause of death of the named insured was intentional and self inflicted notwithstanding the fact that the investigation of the police authorities concluded the death was accidental.

IX.

October 20th 2011, Michael James sent to letter to plaintiffs wherein he stated that CIGNA was now denying plaintiff's client's claim based on a felony exclusion in the policy.

X.

That on November 9, 2011, petitioners requested that CIGNA describe the felony committed by Scott Neenan and/or the felony with which Scott Neenan was charged.

XI.

That on May 17, 2010, petitioners received a letter from Michael James stating that CIGNA did not receive information from plaintiffs regarding the felony exclusion.

XII.

That the refusal by CIGNA to honor this claim is arbitrary and capricious entitling petitioners to not only recover the policy proceeds but also to recover attorney's fees and penalties for their arbitrary and capricious failure to investigate and pay this claim.

XIII.

That at all pertinent times, Petitioner was the named beneficiary of the Policy.

XIV.

Insured trusted and relied upon the defendants representations that the subject Policy would be payable upon his death and, thus, reasonably believed that his insurance Policy would be payable upon his death.

XVI.

At all times relevant hereto, Insured made timely payment of the premiums due on his Policy, which Policy was in full force and effect at the time of his death.

XVII.

Petitioner is the named beneficiary of the Policy.

XVIII.

That despite satisfactory proof of loss, CIGNA has refused to honor the terms and conditions of the policy of life insurance and has refused to pay the death benefit which is believed to be $200,000.00.

XIX.

That the refusal by CIGNA to honor this claim is arbitrary and capricious entitling Petitioner to not only recover the policy proceeds but also to recover attorney's fees and penalties for their arbitrary and capricious failure to investigate and pay this claim.

**COUNT I — BREACH OF CONTRACT**

XX.

Petitioner repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XXI.

A valid contract exists between the Insured and the defendant insurer in the form of the CIGNA policy, which obligates the defendant insurer to pay the total amount of the policy to Petitioner as beneficiary.

XXII.

Insured paid all premiums due under his Policy and materially performed his obligations

As a direct and proximate cause of the breach by the defendant insurer, Petitioner was deprived of the benefit of proceeds for which the defendant insurer was paid substantial premiums and, accordingly, Petitioner has suffered substantial damages.

## XXV.

In addition to deprivation of the benefit of the Policy, Petitioner has endured undue hardship resultant from the defendant insurer's conduct.

## XXVI.

This undue hardship, which included increased stress, irritability and short temper, was a mental injury that the defendant insurer could reasonably expect persons in such a position to suffer.

## XXVII.

Petitioner avers that the defendant insurer negligently failed to exercise reasonable care in fulfilling its duties to Petitioner, more particularly, but not limited to:

1. Failing to timely pay a claim to Petitioner after notification of loss;

2. Failing to make complete payment after receipt of satisfactory proofs of loss of that claim;

3. Failing to fulfill the terms and conditions of the insurance contract at issue;

4. Failing to exercise reasonable care in the supervision of subordinates and employees;

5. Failing to exercise reasonable care;

6. Breach of express and implied warranties; and

7. Any and all other acts of negligence to be proven at trial.

## XXVIII.

As a result of the above referenced conduct, Petitioner has sustained damages in the following non exclusive ways:

1. Inconvenience;

2. Mental anguish;

**WHEREFORE**, Petitioner demands judgment against the defendant insurer for all amounts due under the Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### XXX.

Petitioner repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

### XXXI.

By selling its Policy to the Insured, the defendant insurer undertook a duty of good faith and fair dealing to the Insured, including an obligation to promptly indemnify Petitioner for her loss.

### XXXII.

Despite presenting satisfactory proof of loss, the defendant insurer continuously utilized dilatory tactics leading to substantial delays in adjusting Petitioner's claim.

### XXXIII.

Additionally, the defendant insurer refused to adequately adjust the claim and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss.

### XXXIV.

By engaging in the conduct described above, the defendant insurer has violated the duties of good faith and fair dealing owed to the Petitioner.

### XXXV.

Moreover, by engaging in the conduct above, the defendant insurer's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Petitioner's rights so as to warrant the imposition of punitive damages against the defendant insurer.

Petitioner further contends that the actions of the defendant insurer were arbitrary and capricious and violated the duty to deal with Petitioner in good faith in failing to make a reasonable effort to settle the claim pursuant to La. R.S. 22:1973

XXXVIII.

Pursuant to Louisiana Revised Statute 22:1973(A), the defendant insurer owes Petitioner a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Petitioner.

XXXIX.

Louisiana Revised Statute 22:1973(B) prohibits the defendant insurer from, *inter alia*, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim. . . when such failure is arbitrary, capricious or without probable cause."

XL.

As such, the defendant insurer has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

XLI.

By engaging in all of the above conduct, the defendant insurer has engaged in bad faith conduct in violation of Louisiana Revised Statute La. R.S.  22:1892 & 22:1973.

XLII.

As a direct and proximate result of the defendant insurer's bad faith actions, Petitioner has suffered, and will continue to suffer, substantial damages.

XLIII.

**WHEREFORE**, Petitioner demands judgment against the defendant insurer for all amounts due under the Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

XLIV.

3.      Loss of enjoyment of life;

4.      As well as other damages to be proven at trial.

XLVI.

Wherefore, petitioners pray that the defendant, CIGNA be duly cited and served with a copy of this petition and that after due proceedings are had that there be judgment rendered herein in favor of petitioners, MILLIE NEENAN, wife of/ and PETER NEENAN, and against the LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a CIGNA GROUP INSURANCE, together with legal interest thereon from the date of judicial demand until paid, for all cost of these proceedings and for all general and equitable relief.

**BRUNO & BRUNO, LLP**

BY:_____
Joseph M. Bruno, Jr., No. 30229
855 Baronne Street
New Orleans, LA 70113
Tel:    504-525-1335
Fax:   504-581-1493
Attorney for petitioners, Millie Neenan and Peter Neenan

Please serve:

LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA GROUP INSURANCE
through the Louisiana Secretary of State
Baton Rouge, LA

CK# 55376
$25.00
S.O.S.

CK#. 55377
$29.18
EBR

## LC ISIANA CIVIL CASE REPOR ING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption: *Millie Quenan, et al.*

*Life Insurance Company of North America*

Court: *24th Judicial District* Docket Number: *77-335.*

Parish of Filing: *Jefferson*          Filing Date: _____

Name of Lead Petitioner's Attorney: *Joseph M. Bruno, Jr.*

Name of Self-Represented Litigant: _____

Number of named petitioners: *2*              Number of named defendants: *1*

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- __Auto: Personal Injury
- __Auto: Wrongful Death
- __Asbestos: Property Damage
- __Product Liability
- __Intentional Bodily Injury
- __Intentional Wrongful Death
- __Business Tort
- __Defamation
- __Environmental Tort
- __ Intellectual Property
- __ Legal Malpractice
- __ Other Professional Malpractice
- __ Maritime
- __ Wrongful Death
- __General Negligence

- __ Auto: Property Damage
- __ Auto: Uninsured Motorist
- __ Asbestos: Personal Injury/Death
- __ Premise Liability
- __ Intentional Property Damage
- __Unfair Business Practice
- __ Fraud
- __ Professional Negligence
- __ Medical Malpractice
- __ Toxic Tort
- __ Other Tort (describe below)
- __ Redhibition
- __ Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
*Defendant failed to honor its contractual obligation to π o.*

Following the completion of this f

## 24TH JUDICIAL DISTRICT COURT FOR TH E PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO.: 717-335.                                    DIV.: 825

MILLIE NEENAN, wife of and PETER T. NEENAN

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA GROUP INSURANCE

FILED: _____    _____
                                    **DEPUTY CLERK**

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  THE LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a
     CIGNA GROUP INSURANCE
     through the Louisiana Secretary of State
     Baton Rouge, LA

     NOW COME, **MILLIE NEENAN, wife of/and PETER T. NEENAN**

**(hereinafter referred to as THE NEENANS),** who hereby submit the following

Interrogatories and Request for Production of Documents to be answered fully and in

writing, under oath, within fifteen (15) days of the time service is made upon you, in

accordance with the Louisiana Code of Civil Procedure.  These interrogatories are to be

deemed continuing.

### DEFINITIONS

A.    **Identity** - when requested please furnish the name, address, telephone number,

current employer, current and/or last known employer of each individual;

B.    **You or Yours** - refers **LIFE INSURANCE COMPANY OF NORTH**

**AMERICA d/b/a CIGNA GROUP INSURANCE,** and any of their agents, servants,

and employees, and anyone acting on their behalf;

C.    **Incident** refers to the accident made the subject of this lawsuit which occurred on

or about the 25TH DAY OF MAY, 2009.

## INTERROGATORY NO. 1:

     Please indicate whether or not **THE NEENANS** may have been insured under a

**INTERROGATORY NO. 3:**

        For any person who may or will give evidence on behalf of the defendant at the trial of this matter, please state the following information:

    a)      The name, address and telephone number for each such witness;

    b)      Whether the witness will testify as a fact witness or an expert witness;

    c)      The field of expertise for each such expert witness;

    d)      A description of the testimony to be offered by each such fact witness, including the subject matter on which he is expected to testify and the substance of the facts to which he is expected to testify;

**INTERROGATORY NO. 4:**

        Please identify by name, address and telephone number each and every expert witness you have consulted.

**INTERROGATORY NO. 5:**

        Please identify by name, address and telephone number each and every expert witness you will or may call at the time of trial of this matter and for each expert please provide the facts known and opinions held by the expert and the substance of their testimony.

**INTERROGATORY NO. 6:**

        Please identify by name, address and telephone number each and every person who has knowledge of the facts and circumstances surrounding the accidental shooting of Scott Neenan.

**INTERROGATORY NO. 7:**

        Please identify any and all opinions held by any person who has been retained or identified by you as an expert in this matter, and the facts supporting said opinions.

**INTERROGATORY NO. 10**

        Please list each and every exhibit, document and/or other item of tangible evidence which you will or may use at the trial of this matter and with respect to each, please state the following information;

    a)      A brief description of each;

e)      Please attach a copy of each such exhibit, document or other piece of tangible evidence to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Please produce a certified copy of any and all underlying and/or excess policies of insurance, including but not limited to the coverage sheets indicating the underlying and/or excess limits which insured **THE NEENANS** for the accident complained of in plaintiff's petition for damages.

**REQUEST NO. 2:**

Please produce a copy of any and all video or photographic and/or surveillance films and/or pictures of **THE NEENANS.**

**REQUEST NO. 3:**

Please produce a copy of all of Scott Neenan's medical records you have reviewed or received.

**REQUEST NO. 4:**

Please produce a copy of all Scott Neenan's employment records you have reviewed or received.

**REQUEST NO. 5:**

Please produce a copy of any and all independent medical examination reports on Scott Neenan.

**REQUEST NO. 6:**

Please produce a copy of any and all statements and depositions taken in this matter.

**REQUEST N0. 8:**

Please produce a copy of any and all expert reports.

**REQUEST NO. 9:**

Please produce a copy of any and all expert reports rendered pursuant to La. Civil Code Article 1425, and further provide exhibits that were used as a summary to support any

**REQUEST NO. 10**:

Please provide a copy of any investigative or accident reports rendered in

connection with this **incident**.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce the following documents from **your** claim file regarding handling of

the subject incident, including but not limited to, the following:

     1.     Any and all documents relating to **your** evaluation of this claim.

     2.     Claims handling manual, claim log, including e-mails, typed or hand written;

     3.     Claim progress notes.

     4.     Any and all statements taken.

     5.     Any and all medical records relating to **Scott Neenan**.

     6.     Any and all documents relating to **Scott Neenan's** health before this accident.

     7.     Any and all employment records relating to **Scott Neenan.**

     8.     Any and all records relating to **your** evaluation of **Scott Neenan' s** death.

Respectfully submitted,

_____
Joseph M. Bruno, Jr. #30229
**BRUNO & BRUNO**
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493
Email: josephjr@brunobrunolaw.com

**PLEASE SERVE WITH PETITION ON:**

THE LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA GROUP INSURANCE
through the Louisiana Secretary of State
Baton Rouge, LA

(101) Citation: ISSUE PETITON FOR DAMAGES/INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS;

120727-7131-9

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MILLIE NEENAN, WIFE OF AND PETER T NEENAN
    versus
LIFE INSURANCE COMPANY OF NORTH AMERICA,
d/b/a CIGNA GROUP INSURANCE

Case: 717-335   Div: "H"
P 1 MILLIE NEENAN

To:  LIFE INSURANCE COMPANY OF NORTH
AMERICA
d/b/a CIGNA GROUP INSURANCE
THRU: ITS REG. AGENT
THE LOUISIANA SECRETARY OF STATE
BATON ROUGE LA

CK # 55377 $29.18
CK # 55376 $25.00

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES AND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney JOSEPH BRUNO JR and was issued by the Clerk Of Court on the 27th day of July, 2012.

_____
Linda S Brockhoeft, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISSUE PETITON FOR DAMAGES/INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS;

120727-7131-9

Received:_____   Served:_____   Returned:_____

Service was made:
____ Personal          ____ Domicilary _____

Unable to serve:
____ Not at this address      ____ Numerous attempts _____ times
____ Vacant                   ____ Received too late to serve
____ Moved                    ____ No longer works at this address
____ No such address          ____ Need apartment / building number
____ Other _____