# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILLIE NEENAN AND PETER NEENAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2094** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **SECTION I** |

## ORDER

Before the Court is a motion[1] to dismiss plaintiffs' state-law claims, filed by defendant, Life Insurance Company of North America. Defendant argues that plaintiffs' state-law causes of action are preempted by federal law.

### *BACKGROUND*

Plaintiffs, Millie and Peter Neenan, are the beneficiaries of their son's life insurance policy, which defendant issued.[2] They allege that their son was killed as a result of an accidental shooting.[3] They further allege that defendant refused to pay life insurance benefits because the shooting fell within a "felony exclusion to the policy," apparently related to defendants' contention that the shooting was intentional and self inflicted.[4] According to plaintiffs, the police concluded that the death was accidental and evidence suggests it "is not clear whether the deceased knew that there was still a bullet in the chamber."[5] Plaintiffs brought their lawsuit in Louisiana state court, alleging breach of contract and breach of the implied covenant of good faith and fair dealing.[6] After

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 1-1, ¶¶ III, XVII.
[3] *Id.* ¶ IV.
[4] *Id.* ¶¶ VIII, IX.
[5] *Id.* ¶ VII.
[6] *Id.* ¶¶ XX-XLIV.

defendants removed[7] the action to federal court, plaintiffs amended[8] their complaint to include a cause of action under ERISA's civil enforcement provision, 29 U.S.C. § 1132.

*LAW*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 550 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). However, the court may consider attachments in the plaintiff's complaint. *See Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 735-6

---

[7]R. Doc. No. 1.
[8]R. Doc. No. 17.

(E.D.La. 2011) (Vance, J.). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

Defendants argue that preemption bars plaintiffs' state law claims. A "two-part analysis [determines] whether a state law claim is preempted under ERISA." *Hernandez v. Jobe Concrete Prods.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002). First, "a court examine[s] whether the benefit plan at issue constitutes an ERISA plan; and second, [it] determine[s] whether the claims 'relate to' the plan." *Id.*

Defendants assert, "[b]ecause Plaintiffs' sole and exclusive remedies are set forth in 29 U.S.C. § 1132, their lawsuit should be dismissed for failure to state a claim upon which relief can be granted."[9] Plaintiffs seem to agree that federal law preempts their state law claims.[10] In their opposition, filed before their amended complaint, plaintiffs assert that their "claims under state law fall within the scope of 29 U.S.C. § 1132."[11] They argue, "the court should not dismiss petitioner's claims as preempted, but should treat them as federal claims."[12] This argument is moot because plaintiffs subsequently amended their complaint to include an ERISA claim.

---

[9] R. Doc. No. 4-3, p. 2.
[10] R. Doc. No. 10, p. 10. Plaintiffs cite *Stocker v. Cloninger Ford, Inc.*, 342 F. Supp. 2d 410 (M.D.N.C. 2004), consistent with the view that their state-law claims are preempted but should be treated as a federal action under § 1132.
[11] R. Doc. No. 10, p. 4.
[12] *Id.*

Accordingly,

Defendants' motion to dismiss plaintiffs' state law claims is **GRANTED** and such claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 26, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**